CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
APR 07 2006
JOHN F. CORCORAN, CLERK
BY: /s/ HMcDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| HAROLD L. WALLER, JR., ) | |
| Plaintiff, ) | Civil Action No. 7:06cv00188 |
| ) | |
| ) | **MEMORANDUM OPINION** |
| ) | |
| E. BACK, et al., ) | By: Jackson L. Kiser |
| Defendants. ) | Senior U.S. District Judge |

Plaintiff Harold L. Waller, Jr., a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. § 1983, alleging that the defendants failed to protect him from a physical assault initiated by his cell mate and sprayed pepper spray into his face. Waller seeks damages in the amount of $675,000. The court finds that Waller's complaint fails to state a claim upon which the court may grant relief and, therefore dismisses the suit pursuant to 28 U.S.C. § 1915A(b)(1).

## I.

Waller alleges that on October 1, 2004, after showering, correctional officers escorted him back to his cell with his hands restrained behind his back and put him back in his cell with his hands still restrained. Waller then complains that his cell mate, J. Poole, began to strike him in his head and body with an adapter placed in a sock. Waller alleges that he began screaming for correctional officers to enter the cell and help him, but claims that the officers refused to enter the cell until Poole stopped hitting him. However, Waller admits that as soon as Poole began striking him, correctional officers ordered Poole to stop hitting Waller and to lie down. Waller also admits that correctional officers sprayed pepper spray into the cell in an attempt to subdue Poole. Although Waller complains that he was sprayed with the pepper spray, he admits that

immediately after Poole complied with the officers' orders, he was placed in the shower to remove any pepper spray residue in his eyes or on his person and was treated by medical staff. Further, Waller admits that he needed only "butterfly bandages" to treat his wounds, no follow-up medical care was necessary, and he was thereafter moved to another cell with a new cell mate.

Waller does not allege that prior to the incident on October 1, 2004, he had any problem with his cell mate or felt threatened by his cell mate, nor does Waller allege that he had voiced any complaints or concerns to correctional officers or other institutional staff regarding a problem, disagreement, or any threats of physical violence between he and his cell mate.

## II.

A petition may be dismissed under 28 U.S.C. § 1915A(b)(1) if it is clear from the petition that the plaintiff is not entitled to relief. To state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that such deprivation is a result of conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). However, a complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under 28 U.S.C. § 1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

### A.

In order to raise an Eighth Amendment claim for failure to protect, an inmate must show that prison officials were deliberately indifferent to a substantial risk of serious harm. Farmer v. Brennan, 511 U.S. 825, 833 (1994). To establish deliberate indifference, Waller must show that prison officials knew of and disregard an excessive risk of harm, mere negligence as to his safety is insufficient. Farmer, 511 U.S. at 838; Estelle v. v. Gamble, 492 U.S. 97, 104 (1976).

Plaintiff alleges that correctional officers placed him in his cell before removing his hand

2

restraints and refused to immediately enter his cell when his cell mate began assaulting him, resulting in a prolonged assault by his cell mate which caused physical injury and emotional "trauma." Even assuming Waller was severely injured on October 1, 2004, following a physical confrontation with his cell mate, plaintiff has provided no evidence which establishes that prison officials knew that his cell mate posed any significant threat to plaintiff. Plaintiff has not alleged that his cell mate had an established pattern of violence or aggression nor that prison officials were aware of any propensity for violence. Moreover, the court finds it reasonable that prisoners are returned to their cells in handcuffs and those restraints are only removed after the inmate has been returned to the confinement of his cell, in light of the potential security threat an unrestrained prisoner presents to institutional staff and other inmates. Accordingly, the mere fact that Waller was placed in his cell while remaining in restraints is insufficient to establish that the defendants were deliberately indifferent to his safety.

Additionally, Waller complains that defendants were deliberately indifferent to the assault as officers did not immediately enter the cell when Poole began striking Waller. However, Waller admits that correctional officer immediately acted to regain control of the situation by ordering Poole to stop hitting the plaintiff and to lie on the floor. Further, he admits officers used pepper spray to subdue Poole. The court finds it reasonable for officers to delay in reopening the cell until either Poole complied with the correctional officers' orders or sufficient correctional officers were in the area to allow for safe entry into the cell. Accordingly, the court finds that the correctional officers responded in a prompt and reasonable manner when Waller's cell mate began to strike him.

Accordingly, I find that Waller has failed to present any evidence which suggests defendants were deliberately indifferent to a substantial risk of serious harm, and dismiss these allegations pursuant to 28 U.S.C. § 1915A(b)(1).

**B.**

To the extent Waller's claim that correctional officers sprayed him in the face with pepper spray while attempting to subdue his cell mate can be construed as a claim of excessive force, it fails. The Eighth Amendment protects individuals against excessive prison sentences, as well as inhumane treatment and excessive force while imprisoned. See U.S. Const. amend. VIII. To establish an Eighth Amendment excessive force claim, an inmate must satisfy a two-prong standard comprised of both an objective inquiry (whether the harm plaintiff suffered was sufficiently serious enough to amount to a constitutional violation) and a subjective inquiry (whether the defendant acted with a sufficiently culpable state of mind). Williams v. Benjamin, 77 F.3d 756, 761 (1996).

The subjective component of an excessive force claim requires an inmate to demonstrate that the force used by an institutional official, "inflicted unnecessary and wanton pain and suffering." Hudson v. McMillian, 503 U.S. 1, 7 (1992). In evaluating such a claim, "the question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on 'whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.'" Id. (quoting Whitley v. Albers, 475 U.S. 312, 32-21 (1986)). The Supreme Court and the Fourth Circuit have set out the following factors to consider in determining whether a prison official acted maliciously and sadistically: "the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." Hudson, 503 U.S. at 7 (1992) (quotations omitted); Williams, 77 F.3d at 762. Also, the inmate must prove the correction official's actions were "'objectively harmful enough' to offend 'contemporary standards of decency.'" Stanley v. Hejirika, 134 F.2d 629, 634 (4th Cir. 1998) (quoting Hudson, 503 U.S. at

8). Although there is no requirement that an inmate suffer "serious" or "significant" pain or injury to demonstrate that a malicious or sadistic use of force was employed, he must allege "more than a de minimis pain or injury." Norman v. Taylor, 25 F.3d 1259, 1263 n. 4 (4th Cir. 1994). "[A]bsent the most extraordinary circumstances, a plaintiff cannot prevail on an Eighth Amendment excessive force claim if his injury is de minimis." Taylor v. McDuffie, 155 F.3d 479, 483 (4th Cir. 1998). However, a de minimis physical injury may amount to an Eighth Amendment violation if the force used was of the sort "repugnant to the conscience of mankind." In Norman v. Taylor, the Fourth Circuit stated:

> We recognize that there may be highly unusual circumstances in which a particular application of force will cause relatively little, or perhaps no, enduring injury, but nonetheless will result in an impermissible infliction of pain. In these circumstances, we believe that either the force used will be "of a sort 'repugnant to the conscience of mankind,'" and thus expressly outside the de minimis force exception, or the pain itself will be such that it can properly be said to constitute more than de minimis injury.

25 F.3d at 1263, n. 4 (citations omitted).

Although Waller claims that he was sprayed in the face with pepper spray, he admits that shortly thereafter he was afforded an opportunity to rinse the pepper spray residue from his eyes and body and was examined by medical staff, but did not need any treatment related to exposure to pepper spray. Accordingly, I find that any injuries Waller may have suffered as a result of his exposure to pepper spray are de minimis and do not amount to a constitutional violation. Furthermore, Waller admits that correctional officers sprayed pepper spray into his cell in an attempt to subdue to the inmate who was striking plaintiff. Accordingly, I find that correctional officers' utilized a minimal and reasonable amount of force to restore order, and, thus, find that

5

Waller has failed to state a claim under the Eighth Amendment.

### III.

Based on the foregoing, I find that Waller has not presented any claims on which relief can be granted. Therefore, I will dismiss the complaint without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

**ENTER**: This ____7th____ day of April, 2006.

/s/ Jackson L. Kiser
Senior United States District Judge